IKUTA, Circuit Judge,
dissenting in part:
The majority holds that Bradshaw’s complaint failed to state a claim that SLM aided and abetted CCA’s fraud. I disagree.
Under California law, all Bradshaw had to allege is that SLM had actual knowledge of CCA’s fraudulent conduct and substantially assisted CCA’s wrongdoing. Casey v. U.S. Bank Nat’l Ass’n, 127 Cal.App.4th 1138, 1145, 26 Cal.Rptr.3d 401 (2005). There’s no doubt that Bradshaw’s complaint does so. First, it states that SLM knew that CCA was making fraudulent sales pitches to students in order to induce them to enroll. This is not a mere conclusory allegation because the complaint provides a plausible basis for SLM’s knowledge: SLM worked hand-in-glove with CCA in providing loans to CCA’s students, SLM’s employees and agents regularly visited the CCA campus and regularly interacted with CCA staff, and *596 CCA’s recruiting materials were available in published form. At a minimum, these allegations raise a reasonable inference that SLM had actual knowledge of CCA’s fraudulent modus operandi in recruiting students. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
Because Bradshaw’s complaint adequately pleads that SLM knew about CCA’s fraud, the only question left is whether the complaint adequately alleges that SLM gave substantial assistance to CCA. It clearly did so by alleging that SLM made loans to students that SLM knew had been deceived by CCA’s fraudulent recruiting program. See Casey, 127 Cal.App.4th at 1145, 26 Cal.Rptr.3d 401 (“[C]ommon sense tells us that even ‘ordinary business transactions’ a bank performs for a customer can satisfy the substantial assistance element of an aiding and abetting claim if the bank actually knew those transactions were assisting the customer in committing a specific tort.”).
Bradshaw’s complaint does enough, to raise a reasonable inference that SLM knew what CCA was up to. Accordingly, I dissent from Part 1 of the majority disposition and would reverse the dismissal of the appellants' aiding and abetting claim.